1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM DYE,

11          Plaintiff,                     No. 2:09-cv-1289 JFM (PC)

12      vs.

13   MIKE RAMSEY,  et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff, presently being held in the Butte County Jail, is proceeding pro se.

17   Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma

18   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

19   72-302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

22  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

23  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

24  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

25  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5  U.S. 232, 236 (1974).

6        The Civil Rights Act under which this action was filed provides as follows:

7        Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
8        deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
9        law, suit in equity, or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17        Moreover, supervisory personnel are generally not liable under § 1983 for the

18  actions of their employees under a theory of respondeat superior and, therefore, when a named

19  defendant holds a supervisorial position, the causal link between him and the claimed

20  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

21  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

22  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

23  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

24  Cir. 1982).

25        Plaintiff has included no specific charging allegation as to the Director of the

26  California Department of Corrections or the Sheriff of Butte County.  Plaintiff is advised that he

3

1   should omit any claim as to the Director and or Sheriff if he is pursuing these defendants based

2   solely on a theory of respondeat superior.

3          Although plaintiff alleges he contracted Hepatitis C, he fails to set forth specific

4   factual allegations as to what action each defendant took that caused him to contract Hepatitis C.

5   Indeed, plaintiff states that "the facts pertaining to [an] order for injunctive relief are forthcoming

6   via amended complaint." (Complt. at 6.)  Plaintiff must allege specific acts by each named

7   defendant that he claims gives rise to the constitutional violation.

8          Moreover, plaintiff has named District Attorney Mike Ramsey and Deputy

9   District Attorneys Does 1 - 5 as defendants in this action.  Prosecutors are absolutely immune

10  from civil suits for damages under § 1983 which challenge activities related to the initiation and

11  presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining

12  whether a prosecutor's actions are immunized requires a functional analysis.  The classification

13  of the challenged acts, not the motivation underlying them, determines whether absolute

14  immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's

15  quasi-judicial functions, rather than administrative or investigative functions, are absolutely

16  immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of

17  perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of

18  prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

19         If plaintiff is alleging that he contracted Hepatitis C because the prosecutors

20  pursued criminal charges against him, resulting in his being incarcerated and somehow subjected

21  to the virus, it is unlikely plaintiff can demonstrate a cognizable civil rights claim against said

22  prosecutors.  Plaintiff must demonstrate some overt act by the individual prosecutor that actually

23  caused the exposure to the virus.  The act of prosecuting plaintiff for a specific crime would not

24  be sufficient.

25         The court finds the allegations in plaintiff's complaint so vague and conclusory

26  that it is unable to determine whether the current action is frivolous or fails to state a claim for

1   relief.  The court has determined that the complaint does not contain a short and plain statement

2   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

3   policy, a complaint must give fair notice and state the elements of the claim plainly and

4   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

5   must allege with at least some degree of particularity overt acts which defendants engaged in that

6   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

7   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

8   an amended complaint.

9           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

16  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

17  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

20  amended complaint be complete in itself without reference to any prior pleading.  This is

21  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

22  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

24  original complaint, each claim and the involvement of each defendant must be sufficiently

25  alleged.

26  /////

1   In accordance with the above, IT IS HEREBY ORDERED that:

2   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6   Sheriff of Butte County Jail filed concurrently herewith.

7   3.  Plaintiff's complaint is dismissed.

8   4.  Within thirty days from the date of this order, plaintiff shall complete the

9   attached Notice of Amendment and submit the following documents to the court:

10   a.  The completed Notice of Amendment; and

11   b.  An original and one copy of the Amended Complaint.

12   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

13   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

14   bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

15   file an amended complaint in accordance with this order will result in a recommendation that this

16   action be dismissed.

17   DATED:  June 30, 2009.

18

19                                   UNITED STATES MAGISTRATE JUDGE

20

21   /001; dye1289.14

22

23

24

25

26

6

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM DYE,

11            Plaintiff,                    No. 2:09-cv-1289 JFM (PC)

12        vs.

13   MIKE RAMSEY,  et al.,                  NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Amended Complaint

19   DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26

7